# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Tracey Corrada, | ) |
|           Plaintiff, | ) Civil Action No. 0:18-cv-00399-JMC |
| v. | ) **ORDER AND OPINION** |
| Cedar Fair LP, Cedar Fair Entertainment Company, Carowinds, LCC, | ) |
|           Defendants. | ) |

Plaintiff Tracey Corrada alleges that she suffered a serious wrist injury after a trip and fall at Carowinds Amusement Park on May 26, 2015. (ECF No. 1-1 at 4 ¶ 13.) The matter before the court is a Motion for Summary Judgment filed by Defendants Cedar Fair LP, Cedar Fair Entertainment Company, and Carowinds, LLC. (ECF No. 37.) For the reasons below, the court **DENIES** Defendants' Motion for Summary Judgment (ECF No. 37).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on Defendants' allegations that Plaintiff is a resident of the County of Lexington in South Carolina (ECF No. 1-1 at 3 ¶ 1) and Defendant Cedar Fair is an Ohio-based LLP that owns and operates Carowinds, LLC, an amusement park in Fort Mill, South Carolina. (*Id.* at 3 ¶¶ 1, 2.) Moreover, the court is satisfied that the amount in controversy exceeds the sum of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs. (ECF Nos. 1 at 1-2; 1-1 at 3.)

On December 7, 2019, Plaintiff filed a Complaint in the York County Court of Common Pleas, C/A No. 2017-CP-46-3665, alleging that she tripped and fell on a raised cart pad and "as a result of the fall, [she] sustained serious and bodily injuries." (*Id.* at 4, 5 ¶¶ 13, 15.) Plaintiff claims

that she was "walking with her 15-year-old stepdaughter in the direction of the roller coaster 'After Burn' . . . exercis[ing] due care [while] walking on a foreseeable path." (*Id.* at 4, 5 ¶¶ 13, 14.) Plaintiff alleges that "Defendants constructed a defective walkway that caused [her] to trip, fall, and break her wrist." (*Id.* at 5 ¶ 18.) On February 12, 2018, Defendants filed a Notice of Removal from York County Court of Common Pleas. (ECF No. 1.) On June 28, 2019, Defendants filed a Motion for Summary Judgment. (ECF No. 37.) Plaintiff filed a response in opposition on July 11, 2019 (ECF No. 41.) On October 2, 2019, the court held a hearing on Defendants' motion. (ECF No. 59.)

## II. LEGAL STANDARDS

A. <u>Summary Judgment</u>

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *See Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011). In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). The nonmoving party may not oppose a motion for summary judgment with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 252; *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is

required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

B. <u>Premises Liability</u>

To assert liability based on a negligence claim in South Carolina, a plaintiff must show that (1) defendant owed a duty of care; (2) defendant breached this duty by a negligent act or omission; (3) defendant's breach was the proximate cause of plaintiff's injuries; and (4) plaintiff suffered injury or damages. *Dorrell v. S.C. DOT*, 605 S.E.2d 12, 15 (S.C. 2004) (citation omitted). "Whether the law recognizes a particular duty is an issue of law to be determined by the court." *Jackson v. Swordfish Inv., L.L.C.*, 620 S.E.2d 54, 56 (S.C. 2005) (citation omitted).

A landowner is not required to maintain premises in such condition that no accident could happen to a patron using them. *See Denton v. Winn-Dixie Greenville, Inc.*, 439 S.E.2d 292, 293 (S.C. 1993). Under South Carolina law, the owner of property owes business visitors or invitees the duty of exercising reasonable and ordinary care for their safety and is liable for any injuries resulting from a breach of such duty. *See H.P. Larimore v. Carolina Power & Light*, 531 S.E.2d 535, 538 (S.C. Ct. App. 2000) (citing *Israel v. Carolina Bar-B-Que, Inc.*, 356 S.E.2d 123, 128 (S.C. Ct. App. 1987)). The landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner is on actual or constructive notice. *See H.P. Larimore*, 531 S.E.2d at 538 (citing *Callander v. Charleston Doughnut Corp.*, 406 S.E.2d 361, 362-63 (S.C. 1991)). To recover damages for injuries caused by a dangerous or defective condition on a landowner's premises, a plaintiff must show that (1) the injury was caused by a specific act of the defendant which created the dangerous condition, or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it. *See Wintersteen v. Food Lion, Inc.*, 542 S.E.2d 728,

729 (S.C. 2001) (citing *Anderson v. Racetrac Petroleum, Inc.*, 371 S.E.2d 530 (S.C. 1988)). "The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." *H.P. Larimore*, 531 S.E.2d at 540. A landowner is not liable for open and obvious dangers unless the landowner "should anticipate the harm despite such knowledge or obviousness." *Hancock v. Mid-South Mgmt. Co., Inc.*, 673 S.E.2d 801, 803 (S.C. 2009) (citing *Callander*, 406 S.E.2d at 362).

## III. ANALYSIS

A. <u>The Parties' Arguments</u>

Defendants claim that Plaintiff has (1) failed to produce any evidence of negligence and (2) failed to produce any evidence of any act of omission by Defendants that proximately caused Plaintiff's injuries. (ECF No. 37 at 1.) Specifically, Defendants assert that the "mere fact that there is a difference in levels in different parts of the premises does not . . . indicate negligence unless, owing to the character, location[,] and surrounding condition of the change of level, a reasonably careful person would not be likely to expect or see it." (*Id.* at 4.) Defendants contend that "the difference in elevation between the cart pad and the walkway was clearly visible to anyone looking in that area . . . [it] was not covered or obscured . . . [and] clearly a different color than the asphalt walkway, thereby making the change in elevation clearly visible . . . ." (*Id.* at 5.) Furthermore, Defendants claim that "there is no evidence in the record . . . [of] either actual or constructive notice that the [cart pad] could be a hazard to guests." (*Id.*)

Plaintiff claims that Defendants owed her a duty to keep the premises in a reasonably safe condition. (ECF No. 41 at 3.) Plaintiff asserts that Defendants "violated internal standards, industry standards, and ADA standards in its construction" of the cart pad and that "a genuine issue of

4

material fact exists because the walkway color design scheme by Defendant[s] conceals the elevation change." (*Id.* at 4, 5.) In addition, Plaintiff contends that South Carolina law presumes that a defendant has notice of a defective condition and "thus, creates a genuine issue of material fact for the jury." (*Id.* at 9.)

   B.  The Court's Review

A merchant owes its customers "the duty to exercise ordinary care to keep the premises in a reasonably safe condition." *Cook v. Food Lion, Inc.*, 491 S.E.2d 690, 691 (S.C. Ct. App. 1997). "[W]hether a defendant has provided a reasonably safe premises is normally a question for the jury." *Felder v. K-Mart Corp.*, 377 S.E. 2d 332, 335 (S.C. 1989). "To prove negligence, the plaintiff must show either that the defendant or defendant's employees created the condition, or that the defendant had 'notice' of it." *Cook*, 491 S.E.2d at 691 (citing *Racetrac Petroleum, Inc.*, 371 S.E.2d at 531). Here, Defendants conceded Plaintiff's status as an "invitee," and that Defendants constructed the cart pad at issue. (ECF Nos. 41-1 at 2; 59.) Further, constructive notice raises a determination as to "whether there was evidence from which the jury might reasonably infer that the defendant, by the exercise of reasonable diligence, should have known of" the danger that harmed the plaintiff. *Wimberly v. Winn-Dixie Greenville Inc.*, 165 S.E.2d 627, 630 (S.C. 1969).

As to Plaintiff's claim that the cart pad is a dangerous condition, the court finds that a genuine issue of material fact exists regarding the violation of safety standards and the walkway color design scheme. Generally, "evidence of industry safety standards is relevant to establishing the standard of care in a negligence case." *Id.* (citing *Elledge v. Richland/Lexington School Dist. Five,* 573 S.E.2d 789, 793 (S.C. 2002)). A "factfinder may consider relevant standards of care from various sources in determining whether a defendant breached a duty . . . in a negligence case." *Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 638 S.E.2d 650, 659 (S.C. 2006). "The standard of

care may be established and defined by the common law, statutes, administrative regulations, industry standards, or a defendant's own policies and guidelines." *Id.* Here, Plaintiff's expert has concluded that Defendants violated safety standards by "extending the cart pad with sloped edges into the walkway" and that these standards require "[a]djoining walkway surfaces shall be made flush and fair, whenever possible . . . [and] limits changes in level to less than one-half inch." (ECF No. 41 at 4.) Furthermore, the testimony of Steve Jackson, Carowinds Director of Maintenance and Construction, provides that walkways throughout the amusement park vary in color, including gray concrete, blacktop, and red brick paver:

> Q: And you believe the cart pad is open and obvious.
> A: I do.
> Q: Tell me about that.
> A: I don't believe there's a hazard there. I believe it's – it's a cart pad that's concrete and all the surrounding surfaces are other colors.

(ECF No. 37 at 7.) However, a change in the walkway color scheme does not signify a change in elevation. (ECF No. 41-1 at 7.) Upon consideration of the evidence, the court finds that there is a genuine issue of material fact as to whether the cart pad is a dangerous condition and whether Defendants had notice of the dangerous condition. Therefore, the court must deny Defendants' motion.

## IV. CONCLUSION

For the reasons above, the court **DENIES** Defendants Cedar Fair LP, Cedar Fair Entertainment Company, and Carowinds, LLC, Motion for Summary Judgment (ECF No. 37).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 7, 2019
Columbia, South Carolina